ZEROWET, INC., Plaintiff–Appellant,

v.

BIONIX DEVELOPMENT
CORPORATION, Defendant–Appellee,

v.

Ethox Corporation, Defendant.

No. 03–1033.

United States Court of Appeals,
Federal Circuit.

Feb. 11, 2003.

ON MOTION

MICHEL, Circuit Judge.

*ORDER*

Zerowet Inc. and Bionix Development Corporation submit a motion and a revised motion for vacatur of the district court's injunction order and to dismiss Zerowet's appeal in light of a recent settlement between the parties. In the alternative, Zerowet and Bionix move to remand the case to the district court to allow the district court to consider a motion to vacate.

The parties urge that because "[a]n important term of [the] settlement was that Bionix stipulate to vacating the district court's order denying the preliminary injunction against it . . . the equities favor vacatur." We reject the parties' contention that the proper course is for this court to vacate the district court's order. *U.S. Bancorp Mortgage Company v. Bonner Mall Partnership*, 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) (holding that, absent exceptional circumstances, mootness by reason of settlement does not justify vacatur of a judgment under review by an appellate court). In these circumstances, vacatur is not warranted. However, it is appropriate to grant the alternative motion to remand to allow the parties to ask the district court to vacate its decision. *Id.*

Accordingly,

IT IS ORDERED THAT,

(1) The motions to vacate and dismiss are denied.

(2) The alternative motion to remand is granted.

(3) The revised official caption is reflected above.